LEONG KUNIHIRO LEZY & BENTON
Attorneys at Law – A Law Corporation

NORMAND R. LEZY          6297-0
   E-Mail: nrl@lklb-law.com
SHAWN L.M. BENTON        8332-0
   E-Mail: sb@lklb-law.com
Davies Pacific Center, Suite 1212
841 Bishop Street
Honolulu, Hawaii 96813
Telephone: (808) 524-7575
Facsimile: (808) 524-7878

Attorneys for Defendant
WAL-MART STORES, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AMANDA FRENCH,<br><br>              Plaintiff,<br><br>   vs.<br><br>WAL-MART STORES, INC., a Delaware profit corporation, doing business as WALMART, DOE DEFENDANTS 1-10,<br><br>              Defendants. | CIVIL NO. 13-00499 DKW-KSC<br>(Other Non-Vehicle Tort)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE** |

**FINDINGS AND RECOMMENDATION
TO DISMISS ACTION WITHOUT PREJUDICE**

On April 17, 2014 the Court granted the motion by counsel for Plaintiff Amanda French ("Plaintiff") to withdraw as Plaintiff's counsel. The same day, the Court set a Status Conference for April 28, 2014, and required Plaintiff to

appear.

On April 28, 2014, the Court held the Status Conference. Counsel for Defendant Wal-Mart Stores, Inc. ("Defendant") appeared. Plaintiff failed to appear. The Court issued an Order to Show cause for Plaintiff's failure to appear, requiring Plaintiff to appear and show cause why sanctions should not be imposed, and set a hearing for May 19, 2014.

On May 19, 2014, the Court held the Order to Show Cause Hearing. Plaintiff failed to appear. The Court issued a Further Order to Show Cause, requiring Plaintiff to appear and show cause why the action should not be dismissed for failure to prosecute, and set a hearing for June 26, 2014.

On June 12, 2014, the Court received a letter from Plaintiff providing a corrected address for service, explaining her failure to timely appear at the May 19, 2014 Order to Show Cause Hearing, and requesting a new court date.

On June 13, 2014, the Court served Plaintiff with the notice of the June 26, 2014 Further Order to Show Cause Hearing.

On June 16, 2014, the Court served Plaintiff with a denial of her request for a new court date, gave Plaintiff repeat notice of the June 26, 2014 Further Order to Show Cause Hearing, and cautioned Plaintiff that her failure to appear would result in the Court's recommendation that the action be dismissed.

On June 26, 2014, the Court held the Further Order to Show Cause Hearing. Plaintiff failed to appear and did not otherwise communicate with the

Court to lodge any objection in response to the Further Order to Show Cause.

Courts do not take failures to comply with Court orders or failures to prosecute lightly. Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed.R.Civ.P.41(b). Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id. To determine whether dismissal is appropriate, the Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The Local Rules also authorize the imposition of sanctions when a party fails to comply with any provision of the Local Rules. See LR11.1 ("Failure of counsel or of a party to comply with any provision of these rules is a ground for imposition of sanctions, including a fine, dismissal, or other appropriate sanction. Sanctions may be imposed by the court *sua sponte* consistent with applicable law."). Although the Court recognizes that Plaintiff is proceeding *pro se*, her *pro se* status does not excuse compliance with all applicable rules. See LR83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statues.").

Here, dismissal is appropriate given Plaintiff's failure to prosecute and failure to comply with the Court's orders. Plaintiff failed to appear at the April 28, 2014 Status Conference, failed to appear at the May 9, 2014 Order to Show Cause Hearing, and failed to appear at, or otherwise respond to, the June 26, 2014 Further Order to Show Cause Hearing despite being specifically cautioned that her failure to appear would result in dismissal of the action. The Court, after considering the Pagtalunan factors, finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.") (quotations omitted). The Court, not Plaintiff, should control the pace of the docket. Yourish, 191 F.3d at 990; Pagtalunan, 291 F.3d at 642.

Moreover, Defendant will suffer prejudice if this action continues. Plaintiff's failure to prosecute has impaired Defendant's ability to proceed to trial and threatens to interfere with the rightful decision of the action. Pagtalunan, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court issued an Order to Show Cause and a Further Order to Show Cause, which provided Plaintiff with an opportunity to explain her failures. However, even the threat of dismissal did not compel

Plaintiff's appearance or a response. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. Because of that, the Court is left with no choice but to dismiss this action.

The Court acknowledges that the public policy favoring disposition of cases on their merits weighs against dismissal. However, because the other Pagtalunan factors favor dismissal, that factor is outweighed.

In accordance with the foregoing, this Court RECOMMENDS that this action be dismissed, without prejudice, for Plaintiff's failure to prosecute and failure to comply with the Court's orders.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 10, 2014.



Kevin S.C. Chang
United States Magistrate Judge

---

**CIVIL NO. 13-00499 DKW-KSC; FRENCH V. WAL-MART STORES, INC.; FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITHOUT PREJUDICE**